IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRESTON W. BRAXTON, | ) | No. C 06-3960 JSW (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | (Docket No. 4) |
| A. P. KANE, Warden, | ) ) | |
| Respondent. | ) ) ) | |

    This is a habeas case filed by a former state prisoner which, though somewhat incomprehensible, apparently challenges the failure of the State of California to release him on parole after his scheduled date. The petition was filed on June 27, 2006 (docket no. 1). Since that time, Petitioner has informed the Court that he has been released to an address outside the prison system, thereby mooting the case (docket no. 5).

    Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

    The challenge of an incarcerated convict (or parolee) to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-- some "collateral consequence" of the conviction--must exist if the suit is to be maintained and not considered moot.  *Id.*

The presumption of collateral consequences that is applied to criminal convictions does not extend to parole revocations.  *Spencer*, 523 U.S. at 13; *Lane v. Williams,* 455 U.S. 624, 632-33 (1982).  A petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served.  *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served).  Claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, or use against him should he appear as a defendant in a future criminal proceeding do not constitute sufficient proof of collateral consequences.  *See Spencer*, 523 U.S. at 14-16.

In *Spencer,* the Supreme Court also explicitly rejected a contention that such claims fall within the exception to the mootness doctrine for cases which are capable of repetition but evade review.  *Id.* at 18.  The Court said that such a petitioner had not demonstrated a reasonable likelihood he would "once again be paroled and have that parole revoked."  *Id.*  The exception therefore does not apply.  Therefore, this case is DISMISSED as moot. All pending motions are TERMINATED as moot (docket no. 4) and no fee is due.  The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: January 4, 2007

_____
JEFFREY S. WHITE
United States District Judge

2